946

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOSTON MOREHEAD *et al.,* Defendants-Appellants.

(No. 55311;

First District—August 4, 1972.

Edward M. Genson, Sam Adam, and Santo J. Volpe, all of Chicago, for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and James Karahalios, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

An indictment charging two counts of burglary and two counts of theft was returned against both defendants. Prior to trial on that indictment, defendants filed a motion to suppress evidence which was allegedly unlawfully seized. At a hearing on that motion Officer Ronald Poedtke testified that on April 20, 1969, he and his partner were in the parking lot at O'Hare Airport where, with the aid of binoculars, they observed defendants for approximately an hour and one half. The officers watched as defendants took tape recorders and other items from automobiles parked in the lot and placed those items into the trunk of their car. The officers then arrested and searched defendants and took them and their car to a nearby police station. While the defendants were in custody at the police station the car was searched without a warrant. As a result of the search tape recorders and other evidence which the State would introduce at trial was discovered.

The motion to suppress was denied, a jury trial was waived, the case was tried upon stipulation, and defendants were found guilty and placed on probation for four years, the first year of which to be served at the Illinois State Farm at Vandalia. They appeal contending that the search

of the vehicle was unreasonable and the evidence obtained therefrom should have been suppressed. We do not agree.

Defendants contend that the unreasonable nature of the search arises from it being conducted outside of their presence and after they had been taken into custody. Thus they contend it was not necessary to prevent their escape, to protect the arresting officers or to prevent the disposal of evidence.

The Supreme Court, however, in *Chambers v. Maroney* (1970), 399 U.S. 42, held reasonable a search of a vehicle under substantially the same circumstances as those found in the instant case. (*See also People v. Canaday* (1971), 49 Ill.2d 416, 420, 275 N.E.2d 356, 359 and *People v. Holloman* (1970), 46 Ill.2d 311, 317, 263 N.E.2d 7, 10.) Therefore we hold that the trial court did not err in denying defendants' motion to suppress.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DRUCKER and ENGLISH, JJ., concur.